UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**MARION HOIGE,**

                **Plaintiff,**

         -vs-                              **5:06-CV-205**
                                           **(NAM/DEP)**

**CRUCIBLE MATERIALS CORPORATION AND
KELLY AMOS HOIGE,**

                **Defendants.**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦
**CRUCIBLE MATERIALS CORPORATION,**

                **Counter-Plaintiff and Cross-Plaintiff,**

         -vs-

**MARION HOIGE,**

                **Counter-Defendant,**

**and**

**KELLY AMOS HOIGE,**

                **Cross-Defendant.**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FRANK H. HISCOCK LEGAL AID SOCIETY<br>351 S. Warren Street<br>Syracuse, New York 13202<br>Attorneys for Marion Hoige | Susan K. Griffith, Esq., |
| HANCOCK & ESTABROOK LLP<br>1500 MONY Tower I<br>Syracuse, New York 13221<br>and | Paul M. Hanrahan, Esq.<br>Eric C. Nordby, Esq. |
| KIRKPATRICK & LOCKHART<br>  NICHOLSON GRAHAM LLP<br>Henry W. Oliver Building<br>535 Smithfield Street<br>Pittsburgh, Pennsylvania 15222<br>Attorneys for Crucible Materials Corporation | Gina Crossey, Esq.<br>Jeremy A. Mercer, Esq.<br>Joseph Leibowicz, Esq. |
| COSTELLO, COONEY & FEARON, PLLC<br>Salina Place, 205 South Salina Street<br>Syracuse, New York 13202-1327<br>Attorneys for Kelly Amos Hoige | Paul G. Ferrara, Esq. |

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

In this action, filed in New York State Supreme Court on January 4, 2006, and removed to district court on February 15, 2006, plaintiff claims entitlement to pension benefits accrued by her former husband, decedent Frederick H. Hoige, Jr. ("Frederick"), under a pension plan administered by his employer, defendant Crucible Materials Corporation ("Crucible").  It is undisputed that the Crucible pension plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"); accordingly, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

Presently before the Court is a motion (Dkt. No. 4) by Crucible under Fed. R. Civ. P. 12(b)(6) to dismiss the action.  For the reasons set forth herein, the Court denies the motion.

## COMPLAINT

In her complaint, plaintiff avers that she is the divorced spouse of Frederick; that the New York State Judgment of Divorce ("Judgment"), dated December 24, 1998, and underlying Stipulation and Opting-out Agreement ("Stipulation"), awarded her a portion of Frederick's pension benefits with Crucible; that the terms of the Judgment and Stipulation required Frederick to obtain and pay for the preparation of a Qualified Domestic Relations Order ("QDRO"); that he failed and/or refused to do so; that he married Kelly Amos Hoige in May 1999; and that he died in July 2002.  Plaintiff further claims that Crucible has failed and refused to disburse the pension benefits to her or to cooperate in the preparation, adoption and/or approval of a QDRO to secure the benefits to her.  And she claims that Crucible is wrongfully disbursing benefits to Kelly Amos Hoige, who remained married to Frederick until his death.

The first cause of action seeks to recover from Crucible the amount of benefits to which plaintiff is entitled.  The second cause of action seeks to recover from Kelly Amos Hoige the amount of benefits wrongfully paid to her, on the ground that she knew of the Judgment, the Stipulation, and plaintiff's pre-existing interest in the benefits.  Plaintiff also seeks an order requiring Crucible to assist in the preparation and approval of a QDRO securing plaintiff's interest

in the pension benefits.

## THE MOTION

In addressing Crucible's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), the Court accepts as true the factual allegations of the complaint and draws all inferences in favor of plaintiff. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Rule 12(b)(6) dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

On this motion, Crucible raises a number of grounds for dismissal. Crucible has failed to demonstrate entitlement to dismissal on the ground of failure to exhaust administrative remedies; not only did it provide the wrong policy to plaintiff, but the policy it did provide to her did not clearly inform her of an appeals procedure. *See generally Heideman v. General Motors Hourly-Rate Employees*, 2004 WL 1498198, *4-*5, *report and rec. adopted*, 2004 WL 1529238 (W.D.N.Y.); *Ehlrich v. Nynex Corp.*, 949 F.Supp. 213, 217 (S.D.N.Y. 1996). Nor has Crucible established that dismissal is warranted as a matter of law on the ground that the QDRO was not "qualified" prior to Frederick's death. *See, e.g., Files v. ExxonMobil Pension Plan*, 428 F.3d 478, 488-89 (3d Cir. 2005), *cert. denied ExxonMobil Pension Plan v. Files*, 126 S.Ct. 2304 (2006); *Trustees of the Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 422-23 (9th Cir. 2000).

Crucible further argues for dismissal based on the wording of the Stipulation and the Judgment. The Stipulation provides:

> The parties acknowledge that ... [Plaintiff, Frederick H. Hoige, Jr.] has certain pension and employment benefits with his employer, Crucible Specialty Metals. The parties agree that the Defendant [Marion Hoige] shall have 50% of the Plaintiff's pension with Crucible as set forth in and under the New York Court of Appeals *Majauskas* [*v. Majauskas*, 61 N.Y.2d 481, 490-91 (1984)] case ruling from the date his employment began with Crucible until October 6, 1998, the date the summons in this action was served upon Defendant, and the Plaintiff will pay for all cost incurred in obtaining a New York Qualified Domestic Relations Order to establish said rights for the parties.

The Judgment referred to the Stipulation, summarized its terms, and provided that its terms "should be set forth in a Qualified Domestic Relations Order of this Court to be obtained and paid for by ... [Frederick]." Whether under all of the circumstances, these documents substantially comply with ERISA, or whether plaintiff here needs to take further steps to obtain a QDRO, cannot properly be determined on this Rule 12(b)(6) motion. *See, e.g., Trustees*, 234 F.3d at 425-26. Nor has Crucible established as a matter of law that plaintiff's claim should be barred by the doctrine of laches; its claim of prejudice is merely conclusory. Crucible has not demonstrated beyond doubt that plaintiff can prove no set of facts which would entitle her to relief on her complaint.

Crucible further requests that it be permitted to interplead the disputed funds pursuant to Fed. R. Civ. P. 67. On April 21, 2006, after making its motion to dismiss, Crucible filed a "Counterclaim and Cross-claim in Interpleader" (Dkt. No. 13). Crucible urges that it has no economic interest in the outcome of the action and is ready and willing to pay the benefits in such amounts and to whichever party or parties as the Court shall direct.

Plaintiff has no objection to interpleader. Kelly Amos Hoige, however, interposed a "Reply to Counterclaim and Cross-claim in Interpleader" (Dkt. No. 15). Because Crucible filed its "Counterclaim and Cross-claim in Interpleader" after making its motion to dismiss, and has not formally moved for interpleader on notice to Kelly Amos Hoige, the interpleader issue is not properly before the Court for decision.

## CONCLUSION

It is therefore

ORDERED that the motion (Dkt. No. 4) by Crucible Materials Corporation to dismiss the action under Fed. R. Civ. P. 12(b)(6) is denied.

IT IS SO ORDERED.

September 29, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge