IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MARION HOIGE,

        Plaintiff,

                                        Civ. Action No.
                                        5:06-CV-0205 (DEP)

vs.

CRUCIBLE MATERIALS CORPORATION
and KELLY AMOS HOIGE,

        Defendants,

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| FRANK HISCOCK LEGAL AID SOCIETY<br>351 South Warren<br>3rd Floor<br>Syracuse, NY 13202 | SUSAN K. GRIFFITH, ESQ.<br>MARY C. JOHN, ESQ. |
| FOR DEFENDANT CRUCIBLE: | |
| HANCOCK, ESTABROOK LAW FIRM<br>1500 AXA Tower I<br>Syracuse, NY 13221 | ERIC C. NORDBY, ESQ.<br>PAUL M. HANRAHAN, ESQ. |
| KIRKPATRICK, LOCKHART FIRM<br>Henry W. Oliver Building<br>535 Smithfield Street<br>Pittsburgh, PA 15222-2312 | GINA CROSSEY, ESQ.<br>JEREMY A. MERCER, ESQ.<br>JOSEPH LEIBOWICZ, ESQ. |

FOR DEFENDANT KELLY AMOS HOIGE:

COSTELLO, COONEY LAW FIRM  
205 South Salina Street  
4th Floor  
Syracuse, NY 13202

NICOLE MARLOW-JONES, ESQ.  
PAUL G. FERRARA, ESQ.

DAVID E. PEEBLES  
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Marion Hoige commenced this action in New York State Supreme Court in January of 2006. The action was later removed to this court on February 15, 2006. In her complaint, plaintiff in essence seeks a determination that she is entitled to a portion of pre-retirement death benefits payable under a Crucible Materials Corporation ("Crucible") pension plan based upon the death of Frederick H. Hoige, Jr., a deceased Crucible employee who was divorced from the plaintiff in December of 1998 and, at the time of his death, was married to defendant Kelly Amos Hoige. Pending determination of this action, Crucible, also named as a defendant in plaintiff's complaint, has been making monthly payments into the court in the amount of $436.27, representing surviving spouse benefits owing under the Crucible plan as a result of Frederick Hoige's death, pursuant to a stipulation executed by the parties to the action, as amended. See Dkt. No. 27.

2

Kelly Amos Hoige, one of the defendants in the action, has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's complaint in its entirety. In her motion, defendant Kelly Amos Hoige asserts the lack of any genuinely disputed issue of material fact, and contends that she is entitled to judgment as a matter of law determining that plaintiff is not entitled to any portion of the surviving spouse benefits now at issue. Defendant Kelly Amos Hoige's motion is opposed by the plaintiff, who argues that the language of a stipulation and opting out agreement, entered into in November of 1998 between herself and Frederick H. Hoige, Jr., requires that she receive half of any benefits owing under the applicable Crucible pension plan resulting from plaintiff's employment there in accordance with governing equitable distribution principles in New York. Co-defendant Crucible has taken no position with respect to the pending motion.

Oral argument was heard regarding defendant Kelly Amos Hoige's motion on October 24, 2007. Following argument, I rendered a decision from the bench finding that the language set forth in the relevant stipulation of the parties, entered into in 1998, did not explicitly state that it included surviving spouse benefits under the Crucible pension plan, and accordingly concluding that defendant Kelly Amos Hoige was entitled to

summary judgment as a matter of law dismissing plaintiff's claims in the action. Based upon the foregoing and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1) The motion of defendant Kelly Amos Hoige for summary judgment (Dkt. No. 31) is GRANTED.

2) Based upon the court's determination in connection with the motion of defendant Kelly Amos Hoige, plaintiff's claims against defendant Crucible Materials Corporation are also DISMISSED by the court, *sua sponte*.

3) The clerk is directed to enter judgment in this action dismissing all claims asserted by plaintiff Marion Hoige against Crucible Materials Corporation and defendant Kelly Amos Hoige.

4) The clerk is directed to forward to defendant Kelly Amos Hoige, in care of her attorney, the sum of $6,073.57, together with all additional accrued interest, minus the court's customary registry fee.

5) Defendant Crucible Materials Corporation is hereby released from the requirement of making any further payments into the court

4

pursuant to the amended stipulation and order entered into by the parties, and approved by the court on March 15, 2007.

Hon. David E. Peebles
U.S. Magistrate Judge

Dated:   October 26, 2007
         Syracuse, NY